This is number 2007-11-84, Akazawa v. Link New Tech. Mr. Cooper, Akazawa v. Link New Technology International. Mr. Trojan. Pleased to court, my name is Joseph Trojan. I'm counsel for the appellants. When a person dies without a will, it is common throughout the United States, also in Japan, that their property is transferred by operational block to their heirs. There is no administrator. This case is about whether Section 261 of the Patent Act requires that there in fact be an administrator if there is a patent being transferred in the state. There is no such exception to impose upon the probate code to the United States, or to all the different states, by the Patent Act. The plain language of the statute should make that clear. It says that patents shall be assignable in law by an instrument in writing. Assignable means capable of being assigned. It doesn't mean it's required. If Congress had intended that every transfer of patent should be in writing, then it could have said simply that, not assignable, that all transfers of patents shall be in writing. That's not what this statute says. And to impose that requirement is to require that there be an administrator appointed in every case in which there's an intestate transfer of property, where under the state probate code, there would be no need for an administrator. It would automatically go to the heirs. This ruling below requires that people not look at their state probate code, but they also look to the patent statute, and then go through the additional step of assigning an administrator to transfer that patent to the heirs. There has never been a case before that has imposed that kind of requirement. It does not exist. For example, in California law, under Probate Code Section 13500, it specifically says that when there's an intestate transfer, there's no dispute about who the heirs are, that there is no need for administration. There's just simply a transfer by operation of law. It seems to me that there may be a whole host of different ways in which properties, such as patents, may be transferred by operation of law other than by assignment. For example, which is a corporate succession or a corporate merger, or perhaps a resolution of a marital estate, or something of that sort. The difficulty I'm having with the district court's analysis and the district court's decision is that the district court seems to need to equate the transfers with assignments, and therefore, render the statute as covering all means of transfer, even means, even transfers by operation of law. That's correct. And that was simply an error block to equate all transfers of patents as assignments, because they're simply not. There's even another example. There was a case in which the transfer was, there was an agreement that any future patents that developed as a result of a joint venture technology agreement would be the property of one of the members of the joint venture. In that particular case, the court held that there was no need for there to be any assignment. By operation of law pursuant to the contract, the transfer of that patent, that technology that was later developed, went to the member of the joint venture who had that right under the joint venture agreement. So clearly, that's not required. One of the distinctions that they've been trying to draw, somehow that the district courts seem to become confused about, is in some of these other settings, there is some writing that needs to reflect what the intent of the part is. Well, under intestacy laws, it's assumed that the intent, it's an irrebuttable assumption that the person who died intended for their heirs under the probate code to receive their property. Because if they didn't have it, if they wanted to alter the assignment of the inheritance of their property, then they could have had a rule to do that. They didn't. And so clearly in this case, Yasumasa Akazawa intended that his wife, Hitomi Akazawa, and their daughters, Fumi and Yuki, should receive that property. And because that is how it's set up under Japanese law. They have the same kind of system where under their law, half goes to the wife and half goes to the remaining children. So each of his daughters received 25% of the patent. They assigned it to the mother. The mother then assigned, when she had her whole interest, then assigned it to Yasumasa's brother. And so he had a standing. That assignment is reported. Not only is it in writing, but it's also reported. So those other assignments aren't disputed. The only thing that they dispute is whether we could look to Japanese intestacy law to say it occurred by operation of law. How did the district court get around that problem? The district court looked to cases from the 1800s. Two cases from the 1800s. Those would have been Dahl and Shaw, both from 1984. For the proposition under the facts of those cases, the title vested with the administrator. Well, in 1884, there may very well have been an administrator. But under Japanese law, unless there's a dispute as to who the heirs are, there isn't going to be an administrator. It automatically vests and says it transfers at the moment of death. If there was no evidence, was there Japanese law? Was it accepted by the district court that Japanese law would apply in terms of inheritance? The court below felt that it was unnecessary to address that issue because the court said that Japanese law could decide who was to receive the property, but it could not decide the manner of the transfer. That you have to look to section 261 to decide the manner of the transfer, and that gets into the confusion the district court had in applying this, saying that it intends to see conveyance. Is that also a question of the local law as to what manner of transfer can pass if I own a personal property or a real property or whatever? I think that's absolutely correct, Your Honor. That is absolutely true. So if we were to agree that the district court was wrong, it still has to go back to the consideration of Japanese law? No. As to whether the transfer was to the Japanese foundation? No, we- Or does it have to go back also to determine whether there was an ideology in administering this? There seems to be some conflict in the deposition and the later testimony as to whether there was a real interest in distributing the Japanese law. The attorney for the family describes his role in this declaration as being an informal administrator in the first paragraph of this declaration. In the second paragraph of this declaration, he makes it clear that he had no independent authority to transfer anything to Japanese law. No title invested with him and that as a result of that, he was just assisting the family in organizing their affairs. So he didn't have a role as an administrator that would be appointed by a court under Japanese law. He was just assisting them with knowing that they wanted ultimately for this property to be transferred over to the brother. I gather that there was no debate as to who would receive the property under whatever law. The only question is whether there had to be something in writing that presumably would be recorded in the patent office. Is that what happened in such a document? That's correct. In fact, the appellee admitted at the district court level that yes, Japanese law would control who received the property and that there wasn't a question about that. Their only contention was whether it had to be in writing. And for that, as I recall, the district court said it doesn't matter whether the Japanese law would require such an inheritance to be recorded in writing, that it's the United States law that applies because this is a United States patent being sued on in the United States court. Is that the reason? I think essentially that is the reason. And that's simply error because Yasumasa Akazawa was a Japanese citizen and it's clear that his property should be transferred in accordance with his own country's laws, even though it is an American piece of property, sure, but it still has all the attributes of personal property. And so if you buy something in another country and you bring it back to the United States, you don't look to the law of the property, you don't look to the law of the person to decide how their property is transferred on the debt. The court seems to indicate that there is a difference in the evidence as to whether the attorney was a formal administrator or a neutral administrator. If there was a formal administration of the estate, was it your position that you still wouldn't need a transfer document in this case? I think the only evidence in the record was that it was transferred by operation of law, regardless of the lawyer's role. The lawyer was just trying to facilitate. No, but the court says that there's a difference in the evidence as to whether the estate was listed or not listed. I don't think that that's a fact that can be in dispute. I think that the court, this really is an issue of law based upon facts that have been developed by both sides that can be decided at this level. So you would say that it was in the airs by operation of law, then, in any event, whether the estate was administered or not. Yes, I don't think that there's, I think that the fact that, the fact that the lawyer said this transferred to them in that I was not an administrator. Well, the court indicates there's some conflict as to whether it was actually administered or whether he was just doing it. I'm unclear as to why the court viewed it that way because I think it may be a disagreement over meeting the declaration. This is something we can't resolve here. I'm trying to find out if it was administered or whether he was just doing it. It did. Would a transfer document then be required by the administrator to perform the administration? I'm not prepared to answer that question. I'm sorry. I just can't tell you. Then your position would have to go back to the court to resolve that question. Possibly, but I think that it's really, we're all looking at the same piece of evidence. And on a de novo review of the summary judgment, we're working with that evidence, and I don't think there's any confusion about the fact that even though the court below may have said that there's a conflict in the record, I think this court can look at that and decide for itself whether there really is any conflict. Because I don't see one, and I disagree with the district court that there was any kind of conflict like that. I would like to... Good afternoon. I'd like to say it's an honor to be here. First of all, this is the court that many of us as registered practitioners hold in a very high pedestal. And I didn't think that I'd ever be here, but here I am. I think Mr. Trojan covered the issue as well. To answer Judge Archer's question right off the bat from our position would be that if there is an administrator that has to be in assignment and right, without doubt. And moreover, and based on the record... Well... Well, no, sir, I do not think it depends on Japanese law. There are, to the extent that Japanese law will not conflict with United States patent law, that's fine. But in this case, I think we have a potential conflict in the standpoint of patent law, because patents are a creation of Congress. If you look at the patent law, Section 154, it's a grant property. It is a grant property with certain characteristics. To the heirs as well as to the inventor. Well, to the heirs as well as to the inventor, but I think Case Law has established that the change... Or assigned. Or assigned. Is an assignment different than a grant to the inventor and the heirs? Is an assignment different than a grant to the inventor and the heirs? Yes, sir, I would say that an assignment is different than a grant. So maybe 261 only applies to the assignment? Well, I don't think that that is an unreasonable position to take, that 261 applies to the assignment. But the situation that we have here, Mr. Turgeon is arguing that Operation of Law transfers it directly to the heirs, and yet there seems to be an undisputed position that there was an estate. And if there is an estate, and the appellant's position is that Operation of Law moves that patent law onto the heirs, that is in conflict with the way that patent law treats patents, the characteristics of patents. They must be assigned. But where is the estate? This is really confusing. The patent is granted to the inventor as heirs and assignments. So there we are. Whether or not there's... Well, once you die, you leave an estate. You would have a generalized estate, or the formalities of an executive or an appointed administrator. Now, the fact that this administrator says that he was not a formal administrator suggests that there wasn't enough property to fuss with. And therefore, there was no court-appointed administrator. That seems to be what he was trying to tell us in his affidavit when he says he has no authority to execute property transfers because you can't transfer property unless it's vested in you, unless you're appointed by a court or whatever it is. The estate is not vested in the administrator. I would also quickly point out that there are actual two declarations by Mr. Nagata, and both clearly reference an estate. The first one is a declaration indicating that he is the administrator of the estate. In the briefs, there is reference to an estate. If we have an estate and we're trying to move from the estate to the heirs, that has to be done in writing. I can analogize, similar to what the court did, with, I believe it's Section 46 of the Patent Act, that specifically mentions that if an applicant for a patent dies before the patent is issued, the right to prosecute that patent goes to the administrator or the executor of the will in trust for the heirs or the legacies of the will. If there's a will. If there's a will. If there's not a will to the administrator. Specifically, he says that in the Patent Act. The administrator, however, also is a formalized structure with a judicial dimension that just turned up in the ministering estate. Well, how does one reconcile that with a legal system that purports to have a methodology where there is no administrator? Are we then adjusting American patent law, which governs the creation of an American instrument defining legal rights, to fit Japanese law? The patent statute says to the invader, heirs, and the sacks. And there's a good deal in the briefs about the copyright law, an analogy to copyright. So the criticism that I interrupted you from raising would not apply at all in copyright. And so why should it be different for patents? Well, again, I think that because patents, they are a unique creation. They're a contract with the United States government. So is a copyright. So is a copyright. Admittedly, a different section of the law. When we're trying to define how to assign a patent, we're not going to look at copyright law. And obviously, the analogy that I used earlier with Section 46 of the Patent Act, I mean, I can't just pick that up and transport that over to a registration or an application for registration for copyright in the same way. I agree that there are similarities there. But I don't think the similarities are so strong as to prevent United States patent law from controlling when there's an apparent conflict with foreign law. What do you make of 261 that says it's assigned instead of must be assigned? I think that is a, based on the case law, that seems to be more a function of the antiquated language that was used back in the 1800s to me. If you look at the case law, it's clear that if you're assigning a patent, the assignment must be in writing. That appears over and over. It's in the briefs in depth. I don't think that playing with the language in this instance gets us anywhere. Isn't 261 akin to a statute of frauds in a real estate context so that if you attempt to convey a piece of real property, the statute of frauds requires that it be in writing? Sure. But that doesn't mean that all transfers need be in writing. There can't be other conveyances by operational law that do not require writing. Isn't that the same here? I would agree with that. But I don't think it's necessarily applicable on these facts. Again, we have an estate. That seems to be clear. Whether Mr. Nagata was the administrator, whether the family court in Japan was an administrator, I don't know. As the district court said, it doesn't matter who the administrator was. Well, they said it didn't matter because there was no writing. So the district court required there to be a writing regardless of what Japanese law might provide. Isn't that an overly broad reading of 261 to cover all conveyances, whether they're by operational law or other? I do think it is an overly broad reading of 261, but I don't think it solves the issue in this case, or the question in this case. Well, is there always an estate when a person dies? An estate really is a creation of probate law to have some entity to administer it. It has to be administered. In many instances now, no administration is required. So there can't be any administrator to assign, say, a patent over to the estate. So my question to that would be, are you saying that there's no one that has any sort of enforceable duties or obligations to the elders and heirs of the estate? I don't necessarily agree that there would be someone. I know what you're saying. There are some provisions within Texas law that smallest the state administration. Don't have to be administered. Don't have to be administered. My question would be, under the Patent Act, are you adjusting the Patent Act to fit state law, or are you adjusting state law? Does the Patent Act really require a document assigning a patent in that case, or the patent law says the grant is to the inventor and his heirs who are assigned? So would we simply strike all of the phraseology in the Patent Act that references administrators? I think you could make a distinction between transfer to the heirs by operations of law. These would be an assignment. Is it some different? It's an award. Sure. I understand what you're saying. I will revert back to the fact that in this case, it seems clear based on the record that there was an estate. The only reference in the Patent Act is this one, to grant it to the inventors, heirs, and sons. Does it say something about administrators? The provision allowing, there is a provision that allows continued prosecution of applications currently for the patent. It allows it, but in terms of the grant? Because I can see if there was an argument as to who inherited this patent. That one would say, how do we know what the inventor had in mind? We need to figure it out according to the laws of the test to see. There is no such issue here. So aren't you making it overly complicated? It doesn't seem as if, one way or another, the defendant can avoid being the defendant in a lawsuit if, in fact, we affirm that there It might well be that these heirs would have to go to an appropriate court in Japan and get an administrator, or whatever the correct word is, under Japanese law, of whatever this intestine left behind to convert it into a piece of property and transfer it. This might be time consuming and expensive, but it doesn't seem to be anything other than a burden, unless it's required by the statute. Well, I mean, that is certainly something that the plaintiffs in the case could do. And if you're saying that there's no difference, I would encourage the court to take that position. Let me point out one quick thing. There is an article in the Japanese Civil Code that states that where there are two or more successors, the family court must appoint from among them an administrator of the estate. And that was before the court. Here, in this case, we have one wife, or one widow and his two daughters. Clearly, it seems that the Japanese Civil Code should apply, and the family court should appoint an administrator from the estate. Again, we're talking about administrators of the estate. I understand that in certain specific instances, you could make an argument that operation of law transfers directly to the heirs. I don't believe that this is one of those instances. So if we were to agree that the lower court was wrong, we'd have to send it back to the lower court to apply Japanese law. I do think that much is clear. And you keep saying there is an estate. I refer back to the court's opinion, which says the first megahaffer David indicates there is an estate, whereas the second megahaffer David says this was only an informal estate. But which? Informal. Right. Which the court still considered in its opinion. No, the court really didn't decide which it was. No, well, it decided that it wasn't relevant. Yes. That's true. Yes, ma'am. OK. Any more questions? Thank you. Mr. Powell. Thank you, Your Honor. With respect to the question of whether it needs to go back for determination of the Japanese law, the addendum to our opening brief, starting at 0013, has a section on the Japanese code itself translated. So the court here can apply a rule on issues of law appeal. And specifically, I would point to the court article 896. And it states, a successor succeeds as from the time of the commencement of the succession. That's in ADV 18. And so the question becomes, what is the time of commencement of succession? Because that's the moment at which the successor succeeds. Well, that's defined in that article 882 of the Japanese code. And it says, succession commences by reason of death. So at the moment of death, when his plane crashed, his wife and children succeeded. And so therefore, that's why the administrator had no role in it. Even if there was later an administrator, the prompt to just formalize, not formalize things, but just to organize things for them, they had to transfer what occurred by an operation of Japanese law. So there's no need to remand for consideration of Japanese law. Thank you. Any questions?  Mr. Speaker? Thank you. Mr. Chairman, Mr. Collins, please sit in your seats. All rise. This honorable court is adjourned until tomorrow morning at 10 o'clock AM.